8 A.3d 782 (2010)
417 N.J. Super. 52
James RACANELLI, Plaintiff-Appellant,
v.
COUNTY OF PASSAIC, Passaic County Sheriff's Department, Jerry Speziale, a County Employee and an Individual, Captain Serafino Caporuscio, a County Employee and an Individual, Lieutenant Nick Mango, a County Employee and an Individual, Warden Charles Meyers, a County Employee and an Individual, Patrick Murray, a County Employee and an Individual, Sergeant Steven Warner, a County *783 Employee and an Individual, Lieutenant Dunlop, a County Employee and an Individual, County Employees and Individuals, and Public Entities in the County of Passaic, Defendants-Respondents, and
State of New Jersey Department of Personnel, Sucel Gonzalez, a State Employee and an Individual, Scott Nance, a State Employee and an Individual, Ken Connolly, a Public Employee and an Individual, Defendants.
No. A-5350-08T3.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 2010.
Decided November 10, 2010.
*784 Alexandra M. Antoniou (Mark B. Frost & Associates) argued the cause for appellant (Law Offices of John J. Zidziunas, L.L.C., and Emily Kaplan Murbarger (Mark B. Frost & Associates), attorneys; Ms. Murbarger, on the brief).
Albert C. Buglione, Wayne, argued the cause for respondents (DeYoe, Heissenbuttel & Buglione, L.L.C., attorneys; Mr. Buglione, on the brief).
Before Judges SKILLMAN[1], YANNOTTI and ESPINOSA.
The opinion of the court was delivered by
YANNOTTI, J.A.D.
On June 16, 2008, plaintiff James Racanelli filed a complaint in the Law Division in which he asserted various claims against the County of Passaic (County), the Passaic County Sheriff's Department (PCSD), Sheriff Jerry Speziale, Captain Serafino Caporuscio, Lieutenant Nick Mango, Warden Charles Meyers, Patrick Murray, Sergeant Steven Warner and Lieutenant Dunlop (collectively, the Passaic County Defendants). Plaintiff also named as defendants the State of New Jersey, the Department of Personnel (DOP) and certain State employees (collectively, the State Defendants).[2] Plaintiff appeals from an order entered by the Law Division on May 1, 2009, granting summary judgment to the Passaic County Defendants. For the reasons that follow, we reverse.
In his complaint, plaintiff alleged, among other things, that on May 26, 2006, he reported to Patrick Murray "unlawful and/or inappropriate" actions by certain supervisors and ranking officers in the PCSD, including Sergeant Warner and Lieutenant Dunlop. Plaintiff claimed that on June 1, 2006, as a result of these reports, Sheriff Speziale and certain other Passaic County Defendants engaged in unlawful retaliatory actions. Plaintiff alleged that, in the period from June 2006 through May 2007, Speziale and others participated in a pattern of harassment and assignments based on political and other improper considerations.
In addition, plaintiff alleged that in May 2007, he was "wrongfully and maliciously transferred" to the county jail, despite a lack of training for a position there. Plaintiff claims that as a result of his transfer to the county jail and certain other wrongful actions on the part of the Passaic County Defendants, he was vulnerable to dismissal and ultimately laid off.
In January 2009, the State Defendants filed a motion to dismiss the complaint or transfer the matter to the Appellate Division. On February 4, 2009, the Passaic *785 County Defendants filed a cross motion for summary judgment.
On May 1, 2009, the trial court filed a written opinion on the motions. The court concluded that plaintiff was barred from pursuing his claims in the Law Division because he had not taken a timely appeal from the final decision of the Civil Service Commission (Commission) upholding his layoff. The court also concluded that plaintiff's claims were barred because he had not filed a timely notice of claim pursuant to the Tort Claims Act, N.J.S.A. 59:1-1 to 12-3 (TCA).
The trial court entered orders dated May 1, 2009, memorializing its decision on the motions. This appeal followed. Plaintiff does not challenge the dismissal of his claims against the State Defendants; however, he seeks reversal of the order dismissing his claims against the Passaic County Defendants.
Plaintiff argues that he asserted valid claims against the Passaic County Defendants under the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to -8 (CEPA). He contends that he may pursue his CEPA claims notwithstanding his failure to appeal the Commission's final decision upholding his layoff. Plaintiff further argues that the notice of claim provisions of the TCA do not apply to his CEPA claims.
The essential purpose of CEPA is to provide "broad protections against employer retaliat[ion] for workers whose whistle-blowing activities benefit the health, safety and welfare of the public." Feldman v. Hunterdon Radiological Assocs., 187 N.J. 228, 239, 901 A.2d 322 (2006) (citation and internal quotations omitted). CEPA precludes an employer from taking retaliatory action against an employee because the employee
a. [d]iscloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer or another employer with whom there is a business relationship, that the employee reasonably believes is in violation of a law, or a rule or regulation promulgated pursuant to law, or, in the case of an employee who is a licensed or certified health care professional, reasonably believes constitutes improper quality of patient care;
* * *
c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes:
(1) is in violation of a law, or a rule or regulation promulgated pursuant to law or, if the employee is a licensed or certified health care professional, constitutes improper quality of patient care;
(2) is fraudulent or criminal; or
(3) is incompatible with a clear mandate of public policy concerning the public health, safety or welfare or protection of the environment.
[N.J.S.A. 34:19-3.]
CEPA authorizes "an aggrieved employee to bring a civil suit against an employer who retaliates in violation of the statute." D'Annunzio v. Prudential Ins. Co., 192 N.J. 110, 120, 927 A.2d 113 (2007). In order to maintain a cause of action under CEPA, a plaintiff must establish that: (1) he reasonably believed that his employer was engaged in the violation of a law or rule or duly promulgated regulation; (2) he engaged in whistleblowing as defined in the statute; (3) he was subjected to an adverse employment action; and (4) there is a causal relationship between the whistleblowing actions and the adverse employment action. Hernandez v. Montville Twp. Bd. of Educ., 354 N.J.Super. 467, 473, 808 A.2d 128 (App.Div.2002), affirmed *786 o.b., 179 N.J. 81, 843 A.2d 1091 (2004).
Here, the trial court did not consider whether the allegations in plaintiff's complaint were sufficient to state a claim under CEPA. We will therefore assume solely for purposes of this decision that plaintiff has alleged sufficient facts to state a CEPA claim. We conclude the trial court erred by holding that plaintiff is precluded from pursuing his CEPA claim because he did not raise this claim in his administrative appeal and did not file a timely appeal with this court from the Commission's final decision upholding his layoff.
In Hennessey v. Winslow Twp., 183 N.J. 593, 875 A.2d 240 (2005), the plaintiff brought an action in which she alleged that her employer had terminated her employment in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -42 (LAD). Winslow, supra, 183 N.J. at 594, 875 A.2d 240. The plaintiff raised this claim in a departmental hearing and it was rejected. Id. at 594-95, 875 A.2d 240. The plaintiff did not seek review of the employer's decision by appealing to the administrative agency with jurisdiction in the matter. Id. at 595, 875 A.2d 240. The trial court dismissed the plaintiff's LAD claim, concluding that the plaintiff was collaterally estopped from litigating this claim in the Law Division. Id. at 598, 875 A.2d 240.
The Hennessey Court held that "preclusion should not apply in this setting." Id. at 602, 875 A.2d 240. The Court stated that the plaintiff was not barred from pursuing her claim in court merely because she did not take an administrative appeal challenging the adverse decision reached in the departmental hearing. Id. at 602-04, 875 A.2d 240. The Court commented that the plaintiff's "decision to forego an administrative remedy at that stage and to seek instead a judicial forum for her LAD claim was hers to make." Id. at 604, 875 A.2d 240.
We look to decisions rendered in LAD matters when applying the provisions of CEPA. Green v. Jersey City Bd. of Educ., 177 N.J. 434, 448, 828 A.2d 883 (2003). We are therefore convinced that here, as in Hennessey, plaintiff is not barred from pursuing a CEPA claim because he elected not to raise this claim in his administrative appeal. Like the plaintiff in Hennessey, plaintiff had the discretion to pursue his retaliation claim in a judicial forum rather than in the administrative process. The trial court erred by concluding otherwise.
Plaintiff also argues that the trial court erroneously held that his claims against the public entities and public employees were barred because he did not file a timely notice of claim, as required by the TCA. N.J.S.A. 59:8-3 to -8.
In Lakes v. City of Brigantine, 396 N.J.Super. 65, 70, 931 A.2d 622 (Law Div. 2007), the court concluded that the TCA's notice-of-claim requirements do not apply to CEPA actions. The court pointed out that in Fuchilla v. Layman, 109 N.J. 319, 537 A.2d 652, cert. denied, 488 U.S. 826, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988), the Supreme Court held that the TCA's notice-of-claim provisions do not apply to claims asserted under the LAD. Id. at 334, 537 A.2d 652. The Fuchilla Court observed that its "reading of the history, purpose and provisions" of the TCA and the LAD led it to the conclusion "that the Legislature did not intend that claims of discrimination [would] be subject to the notice requirements of the [TCA]." Id. at 337-38, 537 A.2d 652.
The Lakes court also pointed out that in Abbamont v. Piscataway Township Board of Education, 138 N.J. 405, 425-26, 650 *787 A.2d 958 (1994), the Supreme Court held that CEPA authorized the award of punitive damages against a public entity, notwithstanding a provision of the TCA which prohibits the award of such damages. Lakes, supra, 396 N.J.Super. at 69-70, 931 A.2d 622. In Abbamont, the Court stated that
the purpose of CEPA, like that of LAD, is different from that of TCA. The whistleblower statute, like LAD, is a civil rights statute. Its purpose is to protect and encourage employees to report illegal or unethical workplace activities and to discourage public and private sector employers from engaging in such conduct. Consistent with that purpose, CEPA must be considered "remedial" legislation and therefore should be construed liberally to effectuate its important social goal.
[Abbamont, supra, 138 N.J. at 431, 650 A.2d 958.]
In Lakes, the court observed that in light of the conclusions reached by the Supreme Court in Fuchilla and Abbamont and the reasoning that underlies those decisions, the TCA's notice-of-claim provisions should not be applied to CEPA cases. Lakes, supra, 396 N.J.Super. at 69, 931 A.2d 622; see also Brennan v. Norton, 350 F.3d 399, 431 (3d Cir.2003) (noting that in view of its prior decisions, our Supreme Court would likely hold that the TCA's notice provisions do not apply to CEPA cases against public entities). We agree with the reasoning and conclusion in Lakes.
The Passaic County Defendants argue, however, that assuming plaintiff is asserting a CEPA claim, his claim is barred by the one-year statute of limitations in N.J.S.A. 34:19-5. The Passaic County Defendants assert that, in this case, plaintiff alleges that he was subjected to a retaliatory transfer in May 2007. The Passaic County Defendants contend that plaintif's complaint was properly dismissed because he failed to file his complaint within one year of that date.
In response, plaintiff maintains that the alleged retaliatory actions of the Passaic County Defendants continued until March 5, 2008, the date when he was laid off. In Green, the Court held that in a CEPA case, the statute of limitations for an employee who had been subjected to a continuous pattern of wrongful retaliatory conduct does not begin to run on his CEPA claim until the wrongful action ceases. Green, supra, 177 N.J. at 446-48, 828 A.2d 883. Plaintiff therefore argues that the statute of limitations did not begin to run until March 5, 2008.
We decline to rule upon this issue. The Passaic County Defendants did not raise this argument in the trial court and the issue was not addressed by the trial court in its decision. Furthermore, the parties did not have the opportunity to create a full record on what plaintiff alleges was a continuous pattern of unlawful retaliatory actions.
On remand, the trial court should determine whether plaintiff has alleged sufficient facts that, if proven, state a cause of action under CEPA. Assuming that plaintiff has alleged sufficient facts for a CEPA claim, the court should determine whether plaintiff was allegedly subjected to a continual pattern of wrongful retaliatory action in violation of CEPA that continued through March 5, 2008, when he was laid off.
Reversed and remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.
NOTES
[1] Although Judge Skillman was not present for oral argument, the parties have consented to his participation in the decision of this case.
[2] The complaint was initially filed in Ocean County, later transferred to Passaic County and thereafter transferred to Bergen County.